## Louis J. Souleyret, Appellee, v. O'Gara Coal Company, Appellant.

1. MINES AND MINERS—*what evidence competent to show condition of roof.* *Held,* that evidence as to the condition of the roof of the mine after the accident, to the effect that "there was a piece of slate hanging," was not too remote and was therefore competent.

2. MINES AND MINERS—*what evidence competent to show condition of roof.* Evidence which tends to show such condition immediately before an accident is competent.

3. MINES AND MINERS—*what evidence incompetent to show wilful violation in connection with condition of roof.* *Held,* that it was improper to permit evidence of the method employed in handling loose slate and of propping it to prevent falling; also that it was improper to permit evidence as to whether or not the place could have been so propped.

4. MINES AND MINERS—*what evidence incompetent to show condition of roof.* *Held,* incompetent to show the condition of a portion of the roof in question two or three months before the injury complained of.

5. MINES AND MINERS—*what tends to establish wilful violation.*

There must be a conscious violation and this may arise not only from actual knowledge of the dangerous condition but also from a knowledge of facts from which the company ought to know of its dangerous condition.

6. EVIDENCE—*what part of res gestae.* Declarations accompanying an act which show the purpose thereof, are part of the *res gestae* and competent.

7. INSTRUCTIONS—*when as to obligations of jury improper.* An appeal to a juror not to surrender his conscientious convictions in order to arrive at a verdict, states no principle of law, is entirely vicious and therefore erroneous.

8. INSTRUCTIONS—*when upon credibility of witness erroneous.* An instruction is erroneous which directs the jury that they are at liberty to disbelieve the entire testimony of any witness who has wilfully sworn falsely to any material matter except insofar as his testimony is corroborated by other competent testimony; the rule is that the jury are at liberty to disbelieve such witness when he is not corroborated by other competent evidence or by facts and circumstances in evidence.

9. MEASURE OF DAMAGES—*what not part of, in action for personal injuries.* "The marring of personal appearance and humiliation resulting from contemplation of bodily disfigurement are not elements entering into the computation of pecuniary damages for personal injuries by reason of alleged negligence."

Action in case for personal injuries. Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

DENISON & SPILLER and M. S. WHITLEY, for appellant.

H. ROBERT FOWLER and JOHN L. THOMPSON, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court. ·

As the judgment in this cause will be reversed and remanded for the errors presented by the record, there will be no discussion of the evidence, except that we are of opinion the court was warranted in refusing to direct a verdict to find the defendant not guilty as

requested at the close of the evidence for appellee and again at the close of all the evidence.

The declaration containing two counts charged the appellant in the first count with a wilful failure to examine the mine and observe if there were unsafe conditions and to mark them and report to the manager and to make a record of the examination in a book kept for that purpose, whereby appellee who was a miner employed in said mine was injured by a mass of loose roof falling upon him.

The second count charged a wilful failure to comply with the statute in permitting appellee to enter the mine to work, not under the direction of the mine manager, before dangerous conditions had been made safe. Upon a trial of the issues made by the declaration there was a verdict and judgment for appellee.

In view of another trial we shall briefly notice the points made in appellant's brief and where the rulings of the trial court occur to us to have been improper they may in future be obviated.

A witness introduced by appellee was permitted to testify to the condition of the roof where the fall had occurred just after appellee was injured by the fall. He stated "There was a piece of slate hanging." It is argued that this being after the fall it was not admissible. We think it was not too remote and tended to show the condition of the roof before the fall and was admissible. The weight of this evidence, whether much or little, was for the jury in connection with the other evidence.

Evidence was admitted over objection, of the method employed in handling loose slate and of propping it to prevent falling, and whether the place could have been so propped. This evidence was immaterial and irrelevant to the issues involved by the pleadings, and the objection should have been sustained.

Evidence was admitted showing the condition of a portion of the roof in the room two or three months

before the injury complained of.  If this evidence had shown further that it was the same slate that had fallen it would have been proper and not too remote, but as it did not appear it was the same slate it was improper.

The court permitted the witnesses to testify that appellee on his way to the place where he was injured told them he was going over there to see the machine men to see if the place where he had been at work squaring a room was squared so they could cut it; that he wanted the machine men to come and see if it was ready to cut.  As the testimony showed the fall occurred at a place where appellee was not engaged at work it was regarded as material for him to show he was called there in the line of his employment and was rightfully there and not a mere volunteer to whom appellant would owe no duty.  There was evidence that it had been the custom in the mine for two or three years for the men after the coal was loaded to notify the machine men they were ready to have coal cut, or ready for the machine.  The evidence tending at least to show a custom to notify machine men to cut coal when the place was ready, was admissible as tending to show appellee's right to go and notify them and appellee testifying he went to the place for that purpose the evidence of his declarations of the purpose while on his way was part of the *res gestae* and admissible.

Evidence was offered by appellant which tended to show the condition of the slate before and just before the fall.  The witness Jones testified that while he did not examine it he noticed it and was then asked to state its condition which the court refused to permit him to do.  The offered evidence was proper and the weight of it was for the jury.  Any testimony tending to show the condition was proper, provided the witness had seen it or examined it, but it would be immaterial to prove what would be done in case loose slate or rock was discovered.

The first instruction asked by appellant and refused does not state the law. It states that the company must know it is violating the statute and if by oversight or accident it fails to comply with the statute there can be no recovery for a wilful failure. There must be a conscious violation but this may arise not only from actual knowledge of the dangerous condition but also from a knowledge of facts from which the company ought to know of its dangerous condition. Aetitus v. Spring Valley Coal Co., 246 Ill. 32.

It was proper to refuse the third refused instruction asked by appellant. It is an appeal to the juror not to surrender his conscientious convictions in order to arrive at a verdict. It states no principle of law and is entirely vicious.

The tenth instruction asked by appellant was wrong and the court's modification did not materially change it. Aetitus v. Spring Valley Coal Co., *supra*.

In considering the criticism of the instructions given for appellee we find the second to be substantially a correct rule. The fourth tells the jury if they find appellant guilty they may award appellee compensation for pain and suffering and for any disfiguration of his person or physical appearance shown by the evidence. The instruction was erroneous.

"The marring of personal appearance and humiliation resulting from contemplation of bodily disfigurement are not elements entering into the computation of pecuniary damages for personal injuries by reason of alleged negligence." Lake St. El. R. R. Co. v. Gormley, 108 Ill. App. 59, 66, and cases cited. Cullen v. Higgins, 216 Ill. 78.

While the instruction does not direct the jury to consider the mortification or humiliation resulting from a contemplation of physical disfigurement, that is the effect of it.

The eighth instruction directs the jury that they are at liberty to disbelieve the entire testimony of any witness who has wilfully sworn falsely to any material

matter except in so far as the testimony is corroborated by other competent testimony. This is wrong. The jury are at liberty to disbelieve such witness when he is not corroborated by other competent evidence or by facts and circumstances in evidence.

The judgment for the errors indicated will be reversed and the cause remanded for another trial.

*Reversed and remanded.*